Reed, J.
Plaintiff in error was plaintiff below, and brought suit against the defendant to recover the sum of $137.50 alleged to be due as commission upon the sale of two building lots in the city of fjDenver. The property was sold by the owner, the defendant. It is conceded that prior to the sale plaintiff and defendant had a conversation in which defendant agreed to pay the regular commissions, if *254 the plaintiff sold the property for $3,000.. The property was sold for $2,900, and that $137.50 was the regular commission upon that sum is not disputed. The property was purchased by parties named Taber and Burton. The evidence established the fact that the plaintiff called the attention of Taber to the property in tile first instance by asking Taber’s opinion in regard to the value of the property, and suggesting that he, (plaintiff,) and another, thought of buying it, after-wards informing him (Taber) of their inability to buy, and proposing to sell to him, and as an inducement, offered to divide with him the commission. This appears to have been all that occurred between them. Taber associated Burton with himself in the purchase, and bought the lots directly from the defendant. The name of the owner of the property • was not communicated by the plaintiff, nor was defendant informed by Taber that he had had anything whatever to do with plaintiff in connection with the property ;• neither did the plaintiff inform the defendant of any attempt by him to sell to Taber, until after the sale was made by the defendant at the time he claimed a commission upon the sale. There was no evidence that the defendant, at the time he placed the property in the hands of the plaintiff for sale, precluded himself from selling it in person. The case was tried to the court without a jury and judgment for the defendant.
Considerable testimony was received,—some of it rather contradictory.
It is assigned for error:—First. That the co urt excluded evidence offered on the part of the plaintiff. Second. The court erred in admitting evidence offered on the part of the defendant, objected to by the plaintiff.
These supposed errors cannot be regarded by the court. We find in the record no objections entered or exceptions saved, nor is our attention called to any evidence, the admission or rejection of which is^supposed to be erroneous. The other two assignments of error are general, that the court erred in finding for the defendant. There is an able and *255 carefully prepared brief and argument filed on the part of the plaintiff, no appearance for the defendant.
It is contended that the court erred in the law controlling the case, and many authorities are cited in support of the contention. The law is well settled in this state, that “ when an agent produces a purchaser acceptable to the owner, and able and willing to purchase on terms satisfactory to the owner, the agent has performed his duty,” and is entitled to the commission. Finnerty v. Fritz, 5 Colo. 174; Buckingham v. Harris, 10 Colo. 455.
The rule is well defined and stated to be, that the agent is entitled to his commission “ where the sale really proceeds and is effected through the acts of the agent, though he did not negotiate the sale. ” Stewart v. Mather, 32 Wis. 644; Lincoln v. McClatchie, 36 Conn. 136; Cooke v. Fiske, 12 Gray (Mass.) 491.
“If the agent introduces the purchaser, or discloses his name to the seller, and through such introduction and disclosure negotiations are begun and a sale of the property is effected, the agent is entitled to his commission although the sale be made by the owner.” Bell v. Kaiser, 50 Mo. 150; Jones v. Adler, 34 Md. 440; Bush v. Hill, 62 Ill. 216; Lloyd v. Matthews, 51 N. Y. 124.
The latter case carries the doctrine of right of compensation to the broker, as far or farther than any other case found, It is stated by Lott, J., to be: “ It is sufficient to entitle a broker to compensation that the sale is effected through his agency as its procuring cause; and if his communications with the purchaser were the cause or means of bringing him and the owner together, and the sale resulted in consequence thereof, the-broker is entitled to recover.”
In Sussdorff v. Schmidt, 55 N. Y. 319, the rule was also carried to the extreme limit, but it is there said by Church, C. J.: “A person claiming a commission upon á sale of real estate must show an employment, and that the sale was made by means of his efforts or agency, * * * and although he employs one or more brokers, he may negotiate and sell the *256 property himself without liability to any one for commissions.”
In regard to the correctness of these principles there can be no question, but to render them applicable and available, the principal fact must be found, that the parties were brought together and the transaction made possible by the instrumentality of the agent. This fact was evidently found against the plaintiff bjr the court, and, under the evidence, the court was probably justified in its finding. The parties were not brought together by the agent. The name of the owner was not disclosed to Taber by the agent, nor did he inform the defendant that Taber was a possible purchaser, nor did Taber' inform the defendant that the plaintiff had any connection with the transaction whatever.
In McClaive v. Paine, 49 N. Y. 563, the court, by Grover, J., uses the following language: “ His commission is earned by finding a sufficient purchaser, ready and willing to enter into a valid contract for the purchase upon the terms fixed by the owner, and having introduced such a one to the owner as a purchaser, is not deprived of his right to commission by tjre owner negotiating the contract himself. (Lyon v. Mitchell, 36 N. Y. 235; Barnard v. Monnott, 3 Keyes 203; Moses v. Bierling, 31 N. Y. 462; Redfield v. Tegg, 38 Id. 212.) In the present case the plaintiff did not introduce Blodgett as a purchaser of the parcel in question. So far as appears he had no knowledge that he would purchase it upon any terms.”
This case is cited with approval in Sussdorff v. Schmidt (supra), which, as stated, may be considered an extreme case. It is apparent that the court in neither Lloyd v. Matthews, nor Sussdorff v. Schmidt did, or intended to overrule or modify McClaive v. Paine, Lyon v. Mitchell, Barnard v. Monnott, Moses v. Bierling or Redfield v. Tegg, and these assert the necessity of the agent having directly brought the parties together, the language of Grover, J., being, “ and having introduced such a one to the owner as a purchaser; ” again, “ in the present case the plaintiff did not introduce Blodgett as a *257 purchaser of the parcel in question.” In that case, as well as the former cases cited and relied upon in that opinion, great stress is laid upon the introduction, the bringing of the parties together, and the statement by the agent to the owner that the party was a probable purchaser, and this is required by the decisions of other states, generally.
Less than this, certainly, could not entitle an agent to a commission. The principal should at least know from the agent, of his (the agent’s) participation in the transaction.
The rule in regard to the right of the agent to compensation has been stretched in some courts to its utmost tension, and should, if possible, be restricted, not enlarged. While the agent should, in all cases, be entitled to payment of commissions, honestly earned, the owner of property should not be at the mercy of an agent of whose pretended participation he -had no knowledge whatever.
The decision of this case was dependent upon the finding of the facts, under the rules of law as above stated. There was no great conflict in the testimony, and the evidence was sufficient to warrant the finding; as said by Church, C. J., in Sussdorff v. Schmidt, (supra,) “ it is not our province to pass upon the facts.”
Under the circumstances of this case the finding of the facts by the court is conclusive upon us. The judgment should be affirmed.

Affirmed.